IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MERLIN HILL                                                                                          PETITIONER

VERSUS                                                               Civil Action No. 1:10-CV-22-SA-DAS

STATE OF MISSISSIPPI, ET AL.                                                                DEFENDANTS


**REPORT AND RECOMMENDATION**

This matter is before the court on the petition of Merlin Hill for a writ of habeas corpus under 28 U.S.C. § 2254. Citing the one-year statute of limitations found at 28 U.S.C. § 2244(d), the state has moved to dismiss the petition. The petitioner has not responded, and the deadline for response has expired. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

**I. Procedural History**

Merlin Hill entered a plea of guilty to rape and sexual battery in the Circuit Court of Tishomingo County, Mississippi, and on June 3, 1998, the court sentenced him to life imprisonment. There is no direct appeal from a guilty plea, and thus Hill's judgment of conviction became final on July 3, 1998, thirty days after he was sentenced. Consequently, unless Hill filed a "properly filed" application for state postconviction or other collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before July 5, 1999, to toll the statute of limitations, any habeas petition challenging his plea and sentence would be untimely. *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The records of the Tishomingo County Circuit Court and the Mississippi Supreme Court do not

reflect that Hill filed any post-conviction pleadings prior to July 5, 1999.[1] Accordingly, the tolling portion of § 2244(d)(2) is not applicable.

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act requires that a petitioner file his federal habeas corpus petition within one year of the date that the petitioner's judgment of conviction becomes final. Specifically, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] According to the records maintained by the Tishomingo County Circuit Clerk's Office, Merlin Hill signed a "Post-Conviction Relief Petition" on January 2, 2005, and the order was stamped as "filed" on January 25, 2005. The court denied that application on April 11, 2005, finding the claims barred as untimely. The docket in that court reflects that Hill did not appeal the lower court's decision.
 Some four years later, on June 16, 2009, Hill signed a "Motion for Order to Show Probable Cause" which was docketed and filed in the Tishomingo County Circuit Court on June 25, 2009. On February 2, 2010, the trial court dismissed this motion as a successive motion for post-conviction relief. Again, the docket reflects that Hill did not attempt to appeal the trial court's ruling.

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless one of the narrow exceptions provided by § 2244(d)(1)(B-D) applies, a petitioner must file his petition within one year of the date his conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

### 1. Mailbox Rule

Under the "mailbox rule," Hill's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).

In the instant case, Hill signed his petition on February 1, 2010 and the clerk stamped it "filed" on February 3, 2010. Accordingly, the clerk filed his petition some 3,864 to 3,866 days (almost eleven years) after the July 5, 1999, deadline.

## 2. Equitable Tolling

The Fifth Circuit has recognized the doctrine of equitable tolling. *See Alexander v Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11, (5th Cir. 1998) ("[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, equitable tolling is permitted only "*in rare and exceptional circumstances.*" *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis added); *Davis,* 158 F.3d at 811.

Petitioner relies on the doctrine of equitable tolling in presenting his claim. Hill argues in paragraph 18 of his petition that "over the past 13 years I have been treated with many medications . . . for paranoid schizoaffective disorders" and should not be held to the statute of limitations due to mental incapacity." The Fifth Circuit recognizes the possibility that mental incompetence might support equitable tolling of the limitations period. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, equitable tolling is only available where a petitioner can show he is unable to understand and manage his legal affairs. *Hood v. Sears & Roebuck, Co.*, 168 F.3d 231, 232-233 (5th Cir. 1999). Additionally, the Fifth Circuit has made it clear that the petitioner bears the burden of proof to establish equitable tolling under the AEDPA. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In the present case, the petitioner has failed to present sufficient evidence to support a finding that any mental illness rendered him incompetent to pursue legal remedies or manage his legal affairs. To the contrary, since entering his plea, Hill filed two motions without the

assistance of counsel in the Tishomingo County Circuit Court, and the docket of that court reflects additional correspondence from the petitioner during the past eleven years.[2] Nor can the petitioner show that the alleged mental disorders for which he claims he is being treated are "rare and exceptional" circumstances not common to the prison population. As such, petitioner has failed to provide this court with sufficient proof to meet his burden to justify equitable tolling for almost eleven years that would make his petition timely.

Finally, equitable tolling requires petitioner to demonstrate that he diligently pursued his federal claims. "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). The petitioner filed a motion for post-conviction relief in the trial court in January 2005, which was denied in April 2005, and he did not file the instant habeas action until five years after the state court pleadings. Hill has failed to proceed with the diligence necessary to realize the benefit of equitable tolling. *Melancon*, 259 F.3d at 408 (finding four-month delay in filing petition after ruling in state court was not "expedient" to warrant equitable tolling). "[E]quity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 403.

### III. Conclusion

Because Hill filed his petition too late and because Hill cites no "rare and exceptional"

---

[2] The transcript of the plea hearing reflects that petitioner communicated effectively with the trial court and counsel at the time he entered his plea and further that petitioner had completed high school and some college classes prior to the plea colloquy.

5

circumstance to warrant equitable tolling, the petition must be dismissed with prejudice.[3]

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 10th day of September, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[3] Even assuming Hill filed his petition in a timely manner, all of the claims raised therein are barred from federal habeas relief because he failed to appeal the lower court's denial of post-conviction relief and thereby failed to present properly his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).