**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MERLIN HILL**                                                                                                          **PETITIONER**

**v.**                                                                                **No. 1:10CV22-M-S**

**STATE OF MISSISSIPPI, ET AL.**                                                       **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on remand from the Fifth Circuit Court of Appeals. The unusual procedural posture of this case must be recounted before the court can finally resolve the merits of the instant petition. Put succinctly, this court attempted to correct an error too quickly, before the Fifth Circuit could make a final ruling, and took action while jurisdiction was vested in the Fifth Circuit, not this court. Details of this situation are set forth below.

On September 9, 2010, the Magistrate Judge in this case recommended that the instant petition for a writ of *habeas corpus* be dismissed as untimely filed under 28 U.S.C. § 2244(d). The presiding judge at the time approved and adopted the Report and Recommendation as the opinion of the court and dismissed the case on October 5, 2010. The petitioner appealed that decision on November 5, 2010.

Six months later, on May 9, 2011, the petitioner filed a motion to reconsider the court's dismissal of the petition because the court had not considered his response to the state's motion to dismiss. Then, on May 17, 2011, the petitioner moved to vacate the dismissal of his petition because the presiding District Judge, as a state court judge, had denied the petitioner's state application for post-conviction collateral relief on the conviction being challenged in this court. The court granted the motion to recuse two days later on May 19, 2011, and the case was reassigned to the present District Judge.

The next several events occurred in rapid succession, leading to the error of timing and the

present posture of this case. On June 7, 2011, the court granted the petitioner's May 9, 2011, motion to reconsider, reviewed the matter *de novo*, and concluded that the petition should be dismissed as untimely filed for the reasons originally set forth in the Magistrate Judge's Report and Recommendation. The court entered final judgment in the matter that same day. In the interim, however, the Fifth Circuit – unaware that this court had already done so – issued a June 3, 2011, opinion directing this court to reassign this case to a judge who had not presided over the petitioner's criminal case in state court. The mandate making that decision effective, however, did not issue until June 27, 2011. This court had, therefore, dismissed the present petition some twenty days *before* the Fifth Circuit decision became final – and thus *before* this court regained jurisdiction. Put simply, this court jumped the gun – and took action in the absence of the power to consider the merits of the case.

On June 20, 2011, the petitioner appealed this court's second dismissal of this case; on November 3, 2011, he also appealed this court's denial of a Certificate of Appealability. The Fifth Circuit vacated (for want of jurisdiction) this court's second dismissal on January 23, 2012. The mandate making that decision final issued on February 14, 2012.

As mandate has issued regarding Fifth Circuit's latest decision, this court now has jurisdiction to issue a final ruling on the merits of this case. Having reviewed the merits for the third time, the court's opinion is unchanged. The instant petition for a writ of *habeas corpus* – for the reasons set forth in the Magistrate Judge's Report and Recommendation – will be dismissed as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 29th day of February, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**